| | |
|---|---|
| UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC. D/B/A ECU HEALTH; PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED D/B/A ECU HEALTH MEDICAL CENTER, and D/B/A ECU HEALTH BEAUFORT HOSPITAL – A CAMPUS OF ECU HEALTH MEDICAL CENTER; EAST CAROLINA HEALTH – BEAUFORT, INC.; DUPLIN GENERAL HOSPITAL, INC. D/B/A ECU HEALTH DUPLIN HOSPITAL; and EAST CAROLINA HEALTH – HERITAGE, INC. D/B/A ECU HEALTH EDGECOMBE HOSPITAL,<br><br>*Plaintiffs,*<br><br>v.<br><br>**AETNA HEALTH INC.,**<br><br>*Defendant.* | **REPORT OF THE PARTIES' PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

# Prefatory Statement

Plaintiffs University Health Systems of Eastern Carolina, Inc. d/b/a ECU Health, Pitt County Memorial Hospital, Incorporated d/b/a ECU Health Medical Center, and d/b/a ECU Health Beaufort Hospital – A Campus of ECU Health Medical Center, East Carolina Health – Beaufort, Inc., Duplin General Hospital, Inc. d/b/a ECU Health Duplin Hospital, and East Carolina Health – Heritage, Inc. d/b/a ECU Health Edgecombe Hospital (collectively, "ECU Health") and Defendant Aetna Health Inc. ("Aetna") (collectively, the "Parties) respectfully submit this Report of the Parties' Planning Meeting.[1]

The Parties have conferred and propose that this matter should be bifurcated such that there may be a ruling on the liability on ECU Health's claims, which turns on purely legal issues; namely, the legal application (if any) of the Supreme Court's ruling in *American Hospital Association v. Becerra*, 142 S. Ct. 1896 (2022) ("*Becerra*"), and the subsequent actions by the Center for Medicare and Medicaid Services ("CMS") in response to *Becerra* (the "Final Rule") on the Parties Agreement, and the proper interpretation of the

---

[1] This report is being submitted subject to Aetna Health Inc.'s pending Motion to Dismiss (ECF Nos. 13-14).

Parties' Agreement.

ECU Health argues that the Supreme Court's ruling in *Becerra* and the remedy set forth in the Final Rule, impacts Aetna's obligations under their Agreement. Specifically, ECU Health contends that Aetna breached the Agreement by failing to make required payment thereunder following the Supreme Court's unanimous decision in *Becerra*, in which it held that the federal benchmark the Parties incorporated into their Agreement has always required reimbursement for 340B drugs at average sales price plus six percent ("ASP + 6%") rather than average sales price minus 22.5% ("ASP – 22.5%"), and CMS subsequently made prospective, lump sum payments to affected providers under the Hospital Outpatient Prospective Payment System (OPPS) to correct its unlawful underpayments.

Aetna contends, however, that neither *Becerra* nor CMS's Final Rule retroactively vacated the ASP – 22.5% rate in effect from January 1, 2018, through September 27, 2022. But even if they did, that fact would have no legal impact on the private contract between Aetna and ECU Health. Aetna contends there is nothing in the Parties' Agreement or the law that obligates Aetna to retroactively adjust reimbursement of the disputed claims up to ASP +6%: Aetna's obligation under the Parties' Agreement was to reimburse

ECU Health for the disputed claims at the CMS rate file in use by Aetna on the date of service, which was (and still is) indisputably ASP – 22.5% and payment at such rate is "final" and will *not* be retroactively adjusted. Thus, Aetna contends that it fully complied with the terms of the Agreement in reimbursing ECU Health for the disputed claims precisely as the Agreement requires.

Determination of this threshold dispute will help to streamline this matter and may lead to a full resolution, depending on the outcome. The following schedule proposes that the threshold legal issue of whether there is any liability on ECU Health's claims be determined before the Parties and the Court use judicial resources conducting discovery, motion practice or otherwise investigating any counterclaims, affirmative defenses or claims for damages.

### Report

1. The following persons participated in a Rule 26(f) conference on July 31, 2025, by WebEx conference:

    Gary S. Qualls and Anderson M. Shackelford, representing ECU Health.

    Kelsey Kingsbery and Allison Fisher, representing Aetna.

2. Initial Disclosures. The Parties will complete by August 15, 2025, the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The Parties propose bifurcating this matter into two phases. The first phase would focus on the threshold issue of whether Aetna is liable on ECU Health's claims raised in ECU Health's Complaint. The second phase, if necessary, would focus on any counterclaims, affirmative defenses or claimed damages arising from any of the Parties' claims or counterclaims raised in this matter. The Parties propose the following bifurcated schedule:

**Phase I:**

(a) Aside from discovery on (1) the Agreement at issue, as amended, between Aetna and ECU Health; and (2) claims data (in Excel format and as kept in the ordinary course of business) relating to ECU Health's disputed claims, no further discovery shall be conducted until the Court rules on the liability on ECU Health's claims in the Parties' early cross-motions for summary judgment.

(b) Date for exchanging ECU Health's account spreadsheet:

September 5, 2025.

Date for exchanging Aetna's responsive account spreadsheet: October 6, 2025.

Dates for exchanging contract documents applicable to the dispute: November 7, 2025.

(c) No interrogatories shall be propounded during Phase I.

(d) No requests for admission shall be propounded during Phase I.

(e)-(f) No depositions shall be conducted during Phase I.

(g)-(h) No expert reports shall be exchanged until such time as the Court rules on the liability on ECU Health's claims.

(i) Discovery in this case may involve ESI. The Parties will address any ESI protocol that may arise as part of an ongoing Rule 26(f) conference if and when those issues arise.

(j) The Parties anticipate that they may exchange commercially sensitive and highly sensitive protected health information ("PHI") as part of discovery in this matter. The Parties will confer on this issue and will submit a proposed Qualified Protective Order to address, among other privacy concerns, Health Insurance Portability and Accountability Act ("HIPAA")

restrictions on the exchange of PHI and provisions for confidential and attorneys' eyes-only protections, within thirty (30) days of submitting this case management report.

**Phase II:** Within twenty (20) days after a ruling on the cross-motion(s) for summary judgment focused on the preliminary issue of whether there is liability on ECU Health's claims, the Parties shall confer and submit a joint case management statement providing a schedule for litigating all remaining issues, including but not limited to any counterclaims, affirmative defenses, and claims for damages.

4. Other Items:

    (a) The Parties believe it is unnecessary to meet with the Court before a scheduling order is entered unless the Court needs any additional explanation as to the efficiency of bifurcating the matter into two phases or otherwise prefers such a meeting.

    (b) The Parties agree that if this matter were to proceed to Phase II of the proposed bifurcated schedule, that a pretrial conference at least 60 days prior to trial is appropriate.

    (c) Final dates for ECU Health to amend pleadings or to join parties: October 10, 2025.

(d) Final dates for Aetna to amend pleadings or to join parties: October 31, 2025.

(e) Final dates to file Phase I dispositive motions: January 16, 2026. Regardless of when Phase I dispositive motions are filed, responses in opposition are due February 6, 2026, and replies in support of Phase I dispositive motions are due February 20, 2026. The Parties reserve their right to file additional dispositive motions in Phase II.

(f) Settlement does not appear likely at this time.

(g) The Parties propose conducting mediation during Phase II if the case is not resolved during Phase I. The Parties agree that if this matter were to proceed to the second phase of the proposed bifurcated schedule, mediation should be completed after the close of discovery in that phase but prior to the dispositive motion deadline.

(h)-(j) The Parties propose that this matter be bifurcated such that only the preliminary issue of whether there is liability on ECU Health's claims is decided in the first phase. The trial length will depend on the ruling on the motion(s) for summary judgment

on this preliminary issue. As such, the Parties request the opportunity to submit a Case Management Statement within twenty (20) days of any ruling on the motion(s) for summary judgment on the preliminary issue that would provide a proposed discovery schedule, final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists and objections to same, trial date, and trial length for the remaining issues, including but not limited to any counterclaims, affirmative defenses, and claims for damages.

(k) None.

Dated: August 14, 2025            Respectfully submitted,

| | |
|---|---|
| By: */s/ Anderson M. Shackelford* <br> *(with permission)* <br> Gary S. Qualls <br> N.C. State Bar No. 16798 <br> gary.qualls@klgates.com <br> Nate A. Huff <br> N.C. State Bar No. 40626 <br> nate.huff@klgates.com <br> Anderson M. Shackelford <br> N.C. State Bar No. 49510 <br> anderson.shackelford@klgates.com <br> K&L Gates LLP | By: */s/ Kelsey L. Kingsbery* <br> Kelsey L. Kingsbery <br> NC State Bar No. 51736 <br> ALSTON & BIRD LLP <br> 555 Fayetteville Street, Suite 600 <br> Raleigh, NC 27601 <br> (919) 862-2227 <br> (919) 862-2260 (Fax) <br> Email: kelsey.kingsbery@alston.com |

430 Davis Drive
Morrisville, NC  27560
Telephone:  (919) 466-1195
Facsimile:  (919) 516-2072

*ATTORNEYS FOR PLAINTIFFS UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC. D/B/A ECU HEALTH; PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED D/B/A ECU HEALTH MEDICAL CENTER, AND D/B/A ECU HEALTH BEAUFORT HOSPITAL – A CAMPUS OF ECU HEALTH MEDICAL CENTER; EAST CAROLINA HEALTH – BEAUFORT, INC.; DUPLIN GENERAL HOSPITAL, INC. D/B/A ECU HEALTH DUPLIN HOSPITAL; AND EAST CAROLINA HEALTH – HERITAGE, INC. D/B/A ECU HEALTH EDGECOMBE HOSPITAL*

John B. Shely
*(Notice of special appearance forthcoming)*
Texas Bar No. 18215300
jshely@hicks-thomas.com
M. Katherine Strahan
*(Notice of special appearance forthcoming)*
Texas Bar No. 24013584
kstrahan@hicks-thomas.com
Jeffrey D. Migit
*(Notice of special appearance forthcoming)*
Texas Bar No. 00794306
jmigit@hicks-thomas.com
HICKS THOMAS LLP
700 Louisiana, Suite 2300
Houston, TX 77002
(713) 547-9100
(713) 547-9150 (Fax)

*ATTORNEYS FOR DEFENDANT AETNA HEALTH INC.*

# CERTIFICATE OF SERVICE

This is to certify that this day, August 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and effectuate service to all counsel of record in this matter.

>	*/s/ Kelsey L. Kingsbery*
>	Kelsey L. Kingsbery
>	NC State Bar No. 51736
>	ALSTON & BIRD LLP
>	555 Fayetteville Street, Suite 600
>	Raleigh, NC 27601
>	(919) 862-2227
>	(919) 862-2260 (Fax)
>	Email: kelsey.kingsbery@alston.com
>
>	***ATTORNEY FOR DEFENDANT***
>	***AETNA HEALTH INC.***