IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-104-BO-RJ

| | |
|---|---|
| UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC. D/B/A ECU HEALTH; PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED D/B/A ECU HEALTH MEDICAL CENTER, and D/B/A ECU HEALTH BEAUFORT HOSPITAL – A CAMPUS OF ECU HEALTH MEDICAL CENTER; EAST CAROLINA HEALTH – BEAUFORT, INC.; DUPLIN GENERAL HOSPITAL, INC. D/B/A ECU HEALTH DUPLIN HOSPITAL; and EAST CAROLINA HEALTH – HERITAGE, INC. D/B/A ECU HEALTH EDGECOMBE HOSPITAL,<br><br>      Plaintiffs,<br><br>v.<br><br>AETNA HEALTH, INC.,<br><br>      Defendant. | O R D E R |

This matter is before the Court on defendant Aetna Health, Inc. (Aetna)'s motion to dismiss for failure to state a claim. [DE 13]. For the following reasons, the motion is denied.

## BACKGROUND

University Health Systems of Eastern Carolina, Inc. (ECU), plaintiff, sued Aetna for breach of contract. ECU owns and operates a system of hospitals throughout Eastern North Carolina. Aetna is a Medicare Advantage Organization, providing health and drug coverage to qualifying individuals on behalf of the Centers for Medicare and Medicaid Services. A letter of agreement between the parties entitles ECU to payments from Aetna for services rendered to individuals Aetna covers. The parties dispute the amount owed.

The parties agree that their contract requires Aetna to reimburse ECB for purchases of 340B drugs based on "a percentage of the rate required to be paid under the Medicare program." [DE 1 ¶ 19]; [DE 14, p. 2]. During the period at issue, the Department of Health and Human Services' practice was to reimburse Medicare claims for certain pharmaceuticals under the federal 340B drug-purchase program at the average sales price (ASP) minus 22.5%. [DE 1 ¶ 20]; [DE 14, p. 2-3]. Aetna's payments were based on that amount; Aetna considered it the "rate required." Then the Supreme Court held that the Department of Health and Human Services must reimburse such 340B drug-purchase claims at the higher rate of ASP plus 6%. *See Am. Hosp. Ass'n v. Becerra*, 596 U.S. 724, 142 S. Ct. 1896 (2022).

Aetna moved to dismiss [DE 13] ECU's breach of contract claim on the grounds that the complaint is insufficient to satisfy the 12(b)(6) pleading standard and moved to dismiss the claim for specific performance on that contract and the plea for declaratory relief on the grounds that these claims are dependent on the breach of contract claim. Aetna's motion to dismiss the

2

declaratory judgment also rested independently on the grounds that it is merely duplicative of an existing breach of contract claim.

## ANALYSIS

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. See Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

ECU satisfied this pleading standard. "In order to prevail on a claim for breach of contract, a party must show: '(1) existence of a valid contract; and (2) breach of the terms of that contract.'" *Poor v. Hill*, 138 N.C.App. 19, 26 (2000). By alleging that Aetna contracted to reimburse 230B drug purchases in an amount based on the rate "required to be paid under the Medicaid program," ECB has stated facts that, if true, would raise the plausible inference that Aetna is liable for

3

additional payment in light of *Becerra*, 596 U.S. 724. As ECU's breach of contract claim survives the motion to dismiss, the Court will permit the other claims to survive as well.

## CONCLUSION

For the foregoing reasons, plaintiff Aetna's motion to dismiss [DE 13] is DENIED IN FULL.

SO ORDERED, this ___ day of September 2025.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE